JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Benjamin Klepatzki appeals from the prison sentence imposed by the Cuyahoga County Common Pleas Court after defendant violated the terms of his community control sentence. Defendant contends that the sentence is disproportionate to sentences imposed on similar offenders who have committed similar offenses and that the imposition of consecutive sentences is contrary to law. For the reasons that follow, we affirm.
 {¶ 2} Defendant appeals from sentences imposed by the trial court in Case Nos. CR-407962 and CR-406228. In both cases, defendant was charged with counts of burglary, menacing by stalking, and voyeurism. Defendant pled guilty to multiple counts of: breaking and entering under R.C. 2911.13(a), felonies of the fifth degree; menacing by stalking under R.C. 2903.21.1, felonies of the fourth degree; and voyeurism under R.C.2907.02, misdemeanors of the second degree.
 {¶ 3} At both the plea and sentencing hearing, the court informed defendant that his pleas could result in possible prison sentences ranging between 17 months and nine years. The court advised defendant of the possibility of maximum and/or consecutive sentences. The court informed defendant of its preference to impose a community control sentence. At the sentencing hearing, the court again explained its rationale for preferring a term of community control sanctions. The court repeatedly clarified that a violation of a community control sentence could result in the imposition of a substantial prison term.
 {¶ 4} At the original sentencing hearing, the State presented the testimony and statements from the various female victims of defendant's offenses. They all expressed that defendant's conduct caused them to live in fear and feel unsafe. Each woman detailed how disruptive the offenses have been to them. One woman said she felt compelled to move and another stated that she had missed time at work.
 {¶ 5} According to the record, defendant has prior convictions for gross sexual imposition, drug and theft offenses, aggravated assault and vandalism. Defendant violated the terms of probation relating to his GSI offense, which resulted in a prison sentence. Defendant also served a separate prison term for his aggravated assault offense.
 {¶ 6} The court reviewed the sentencing factors contained in R.C.2929.12. The court noted that three factors indicating a likelihood of recidivism were present and that two of the more serious factors could apply to defendant's conduct in these offenses. The court initially placed defendant on a five-year period of community control sanctions, with conditions, including an order to abstain from alcohol and all illicit drugs. After instructing defendant of the terms of his community control sanctions, the court again reminded defendant that if he violated the terms, he had "nine years of prison time hanging over [his] head." (Tr. 111).
 {¶ 7} On July 19, 2002, defendant was found to be in violation of the terms of his community control sanctions. In particular, his probation officer testified that medical records established that defendant had consumed alcohol. The court found defendant in violation of his community control sentence. The court detailed its findings of law and fact with reasons and imposed sentence. In Case No. CR-406228, defendant received 11 months for the breaking and entering count, and 17-month sentences for each of the menacing by stalking counts, to be served consecutive to each other and consecutive to count one.[1] In total, the court ordered defendant to serve a 45-month term of incarceration in that case. In Case No. CR-407962, defendant received 11-month sentences for each of the two counts of breaking and entering; and 17-month sentences on each of the two counts of menacing by stalking.[2] The court allowed defendant to serve those sentences concurrently with one another and concurrent with his sentence in CR-406228.
 {¶ 8} The court explained that it:
 {¶ 9} "could just as easily have placed [defendant] under consecutive sentences in the second case number, 407962, or some mixture, so I simply fashioned a sentence which the total number of months the Court arrived at was consistent with the seriousness of his behavior and what was fairly within the purposes and principles of felony sentencing * * * The plain fact of the matter which I justified the consecutive sentences in the 406 case number I was referring to [defendant's] conduct and criminal conduct, in particular, across both cases." (Tr. 128-129).
 {¶ 10} Defendant appeals, assigning two errors for our review, which we will address out of order for ease of discussion.
 {¶ 11} "II. The trial court erred when it ordered consecutive sentences without furnishing the necessary findings and reasons required by R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)."
 {¶ 12} Pursuant to R.C. 2929.14(E)(4), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Specifically, R.C.2929.14(E)(4) provides in pertinent part:
 {¶ 13} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 14} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 15} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 17} Under R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences. State v. Nichols (Mar. 2, 2000), Cuyahoga App. Nos. 75605, 75606; State v. Parker (Dec. 9, 1999), Cuyahoga App. Nos. 75117, 75118; State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556. The record must confirm that the trial court's decision-making process included all of the statutorily required sentencing considerations. See Cardona, supra; Nichols, supra, citingState v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. The trial court need not use the exact words of the statute; however, it must be clear from the record that the trial court made the required findings.State v. Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759.
 {¶ 18} Defendant alleges that the trial court failed to make two of the four required findings of R.C. 2929.14(E). Specifically, defendant maintains that the trial court failed to make findings that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the defendant poses to the public. We disagree. The trial court stated as follows:
 {¶ 19} "I'm not willing to keep [defendant] out under this supervision. I did extend a strict regimen. He has previously served a prison term. I would have been justified sending him to prison back at the time of the original sentencing and I'm certainly justified today.
 {¶ 20} "I am not convinced [defendant] has done anything to develop insight into his problem. I find his responses to be typically manipulative in attempting to pawn off the fault of his own behavior. He seems to have no insight into his disease. So I am going to impose prison time today on the defendant since he has violated his community control.
 {¶ 21} "He did plead guilty to a series of 4th and 5th degree felonies, specifically, he pled guilty to amended Count 1, 5th degree felony, and two 4th degree felonies in Counts 2 and 3. These counts involved several different victims. These were all very aggressive crimes, invading the privacy of innocent people and, in some cases, trying to confront them with the fact that their privacy was regularly being invaded by his voyeurism. He has a history of having committed a sex offense and being sent to prison in 1989. He has a series of alcohol offenses including alcohol being used in one or more vehicles and does have the aggravated assault conviction from 1994, the vandalism conviction from `99 and, of course, came back into the criminal justice system in the case in March of 2001.
 {¶ 22} "I do find consecutive sentences are necessary to protectthe public from future crime by this offender as evidenced by hiscriminal record and the fact his crimes involve his voluntarily puttinghimself out of self-control and self-discipline by reason of continuedintoxication. Even these offenses he claimed he did not remembercommitting them because of his intoxication of one or more drugs.
 {¶ 23} "It is further the Court's finding consecutive sentences are necessary to punish [defendant] for his behavior. He has been a long-time participant in the criminal justice system on a series of crimes. He has not done anything to gain insight or reform himself.Consecutive sentences will not be disproportionate to the seriousness ofhis conduct. This is evidenced by the type of voyeurism and sex crimesand stalking that he engaged in with multiple victims who are allinnocent females.
 {¶ 24} "Finally, the Court finds the harm caused by [defendant's] multiple offenses was so great and unusual that no single prison term of the offense would adequately protect the public from the seriousness of his conduct and that, of course, goes to the individualized and calculated and absolutely frightening way that he went about stalking his victims, peering into their lives, watching them, and going back and notifying them that he had seen them dancing, he had seen them undressing and so forth. And his history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by [defendant].
 {¶ 25} "[Defendant] has, in a somewhat systematic manner throughthe years, damaged this community and threatened it by continuallypreying on innocent people. He has had sex offenses and subsequentsexually-aberrant behavior, and coupled that with alcoholism and thepropensity to take himself beyond the means of controlling his ownbehavior. * * *" (Tr. 124-126, emphasis added).
 {¶ 26} The foregoing reflects that the trial court made the requisite findings and stated adequate reasons to support those findings as required by law. It is clear from this record that the court considered the sentence proportionate to the seriousness of the defendant's conduct and to the danger defendant poses to the community. Finally, the trial court stated its goal of "fashion[ing] a sentence which the total number of months the Court arrived at was consistent with the seriousness of [the defendant's] behavior and what was fairly within the purposes and principles of felony sentencing." (Tr. 128).
 {¶ 27} We reject defendant's alternative argument that the sentence is disproportionate based upon the fact that the trial court initially imposed a community control sentence. First, the trial court explained its preference for imposing a term of community control as a means of monitoring defendant's conduct for a longer period of time. (Tr. 55). This neither diminishes the severity of the defendant's conduct in committing these offenses nor the danger that the court perceived he posed to society. Instead, it reflects an effort by the court to attempt to rehabilitate defendant based on the following rationale:
 {¶ 28} "[community control] avoids the cycling of people into the institution and having them come out no better, sometimes worse * * * That has already happened a number of times to [defendant].
 {¶ 29} "That is why we would like to use this very sad, terrible situation of two cases and felony convictions to grab a hold of the condition and see if we can't get [defendant] into a healthier situation so he's stable and healthy and safe to live in the community." (Tr. 36-37).
 {¶ 30} Yet, even at the time it imposed community control sanctions, the court made it clear that if defendant violated the terms of community control he faced "substantial prison time." E.g., Tr. 38 and 55. Despite these warnings, the defendant still chose to violate the terms of his community control sentence. For these reasons, we find that the trial court complied with the statutory requirements for imposing consecutive sentences and that such a sentence is supported by the record. The second assignment of error is overruled.
 {¶ 31} "I. The trial court violated R.C. 2929.11(B) when it failed to insure that the sentence imposed was consistent with similar sentences imposed for similar offenders."
 {¶ 32} Defendant contends that the trial court failed to ensure that his sentence is consistent with sentences imposed for similar crimes committed by similar offenders. This goal of felony sentencing is to achieve "consistency" not "uniformity." See, State v. Ryan, First Appellate District App. No. C-020283, 2003-Ohio-1188, ¶ 10. Defendant offered no evidence to the court below or in this appeal illustrative of other sentences that have been imposed on allegedly similar offenders who have committed similar crimes. Instead, defendant contends that the trial court failed in its responsibility to ensure consistency among sentences. The court achieves consistency by weighing the sentencing factors. Id. As such, the concept of consistency recognizes that enormous differences for the same statutory offense may exist due to the factual situations and offender characteristics. Id.
 {¶ 33} The record reflects that the trial court considered the statutory factors and weighed those factors. In particular, the court noted defendant's criminal record and frequent presence in the system. The court also noted the nature of the offenses and the harm caused to the innocent female victims. At the original sentencing hearing, the court noted the presence of three factors indicating a likelihood of recidivism. Ibid. The court also felt at least two of the factors indicating a more serious nature of the offense were present. In contrast, the court found that none of the factors indicating a less serious offense applied. And, the court found that none of the factors indicating an unlikelihood of recidivism applied. Finally, the court initially imposed a term of community control sanctions. The defendant violated those terms and only at that point did the trial court impose a term of incarceration.
 {¶ 34} There is nothing in this record that would indicate that the court-imposed sentence is either inconsistent with or disproportionate to sentences that have been imposed on similar offenders who have committed similar offenses. To the contrary and as previously stated, the trial court endeavored to fashion a remedy that would explicitly reflect the seriousness of defendant's behavior and which fell within the purposes and principles of felony sentencing. Ibid. Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, A.J., and SEAN C. GALLAGHER, J., concur.
[1] The court imposed a one-month prison term in county jail for the voyeurism counts and then suspended that sentence and ordered defendant to pay costs.
[2] The court imposed a one-month prison term in county jail for the two counts of voyeurism and then suspended that sentence and ordered defendant to pay costs.